[No. 1200.  Decided July 17, 1894.]

THE STATE OF WASHINGTON, *Respondent*, v. HARRY
WHITEMAN, *Appellant*.

EMBEZZLEMENT — SUFFICIENCY OF INFORMATION — EVIDENCE.

An information charging that a sum of money had come into the
hands of the accused as assignee of certain persons, and that at a
certain time and place he had unlawfully and fraudulently con-
verted the same to his own use, sufficiently charges the crime of
embezzlement under §55, Penal Code, when interpreted in the light
of §1244, Code Proc., which declares that an information shall be
sufficient, if the necessary facts are so stated that a man of com-
mon understanding can determine therefrom the offense with which
he is charged.

In a prosecution for embezzlement, when there is proof that the
moneys came into the hands of the accused in a certain county,
and that all his duties growing out of his trust were confined to
that county, the proof is sufficient to *prima facie* establish the fact
that his conversion of the funds was in the same county.

In such a prosecution, error in the admission of testimony tend-
ing to prove the crime is not prejudicial, when the admissions of
the accused, that he had converted certain of the moneys to his
own use, are alone sufficient to authorize a finding of guilty.

*Appeal from Superior Court, Pierce County.*

*W. I. Agnew*, for appellant.

*W. H. Snell*, Prosecuting Attorney, for The State.

The opinion of the court was delivered by

HOYT, J.—The information upon which the defendant
was convicted was in the following language:

"Harry Whiteman is accused by the prosecuting attor-
ney of the county of Pierce, State of Washington, by this
information, of the crime of larceny, committed as follows:
The said Harry Whiteman, on or about the first day of
October, eighteen hundred and ninety two, at the county of
Pierce, and State of Washington, and within one year prior
to the filing of this information, being then and there a per-

son, to wit, the duly appointed assignee of Robert Rhodes
and William Clark, copartners doing business as Rhodes
& Clark, and as such assignee, then and there was en-
trusted by the said Robert Rhodes and William Clark, co-
partners as aforesaid, with the custody, care and safe keeping
of certain moneys and funds of said copartnership aforesaid,
to wit: Two hundred and eighty nine dollars and sixty cents
of the good and lawful money of the United States of the
then and there value of two hundred and eighty nine
dollars and sixty cents of the moneys and funds of said
copartnership aforesaid, and did then and there unlawfully,
fraudulently and feloniously convert the said two hundred
and eighty nine dollars and sixty cents to his own use and
did fail to account to the said copartnership or either of its
members for the same, or any part thereof, contrary to the
form of the statute in such case made and provided and
against the peace and dignity of the State of Washington.''

Upon this appeal its sufficiency is attacked upon several
grounds: *First*, That the nature of the fiduciary relation
is not set out; *second*, that it is not charged that he re-
ceived the moneys; *third*, that there is no allegation that
he converted them to his own use with intent to defraud
the owner thereof; and, *fourth*, that there should have
been such an allegation contained in the information as to
show affirmatively the duty of the defendant to have paid
over the moneys.

There is some force in the criticism of this information
as above set forth, but when it is interpreted in the light
of our statute (Code Proc., § 1244), which declares that
informations shall be sufficient, if the necessary facts are
so stated that a man of common understanding can deter-
mine therefrom the offense with which he is charged, as
interpreted by this court in numerous decisions, it must
be held sufficient.    It appears therefrom by sufficiently di-
rect allegations that the money came into his hands as
assignee, and that he had unlawfully and fraudulently
converted the same to his own use, and these facts being

charged, with the necessary allegations of time and place, it was impossible that the defendant should not have been given thereby sufficient information to enable him intelli. gently to prepare his defense.

It is further claimed on the part of the appellant that the conviction cannot stand by reason of the fact that there was no proof that the crime was committed in the county of Pierce.    The proof upon that subject was simply that all of the transactions by which the money came into the possession of the defendant took place in the county of Pierce, and that all of his duties growing out of his trust should have been performed in said county.    It did not appear affirmatively that at the time he actually converted the money to his own use and disposed of it for his own benefit he was in the county of Pierce, nor do we think this necessary.    It would be a difficult matter in almost all cases for the state to show the exact location of the defendant at the time he appropriated the money to his own use, and when it is made to appear, as in this case, that his duty in reference to the money was confined to the county in which the prosecution is had, it is enough to at least *prima facie* establish the fact that the conversion was in the same county.

The other questions argued in the brief of the appellant grow out of errors alleged in the admission of testimony, and the claim that it did not appear therefrom that there had been any crime committed.    We find it unnecessary to discuss the several propositions in regard thereto.for the reason that there was practically no dispute as to the fact that the defendant had appropriated certain of the moneys to his own use.    There was the testimony of two witnesses entirely uncontradicted as to his admissions in that regard, and his own testimony upon the stand was practically an admission of the same fact; consequently, if there was any technical error as to the admission of some of the exhibits,

it was not such as could injuriously affect the defendant, as his admissions alone were enough to authorize the jury to find that he had converted certain of the moneys to his own use.

We find no error of sufficient magnitude to warrant us in reversing the judgment, and it must be affirmed.

DUNBAR, C. J., and SCOTT and ANDERS, JJ., concur.

STILES, J., dissents.